IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT GEIGER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-2244 |
| | : | |
| v. | : | |
| | : | |
| C/O CURRY, MITCHEAL FARREL, | : | |
| BLANCHE CARNEY, CAPT. HARMER, | : | |
| and GOLDEN-DEVEAUX, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 29th day of September, 2021, after considering the application for leave to proceed *in forma pauperis* (Doc. No. 6), the complaint (Doc. No. 2), and "Declaration in Support of Preliminary Injunction and Temporary Restraining Order" (Doc. No. 8) filed by the *pro se* plaintiff, Lamont Geiger ("Geiger"); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. Geiger's application for leave to proceed *in forma pauperis* (Doc. No. 6) is **DENIED AS MOOT**;[1]

2. The following claims in the complaint (Doc. No. 2) are **DISMISSED**:

   a. All claims based on the failure to respond to Geiger's appeals regarding disciplinary segregation are **DISMISSED WITH PREJUDICE**;

   b. All official capacity and supervisory liability claims are **DISMISSED WITHOUT PREJUDICE**; and

---

[1] As indicated in the memorandum opinion, Geiger paid the $402 fee. *See* Unnumbered Docket Entry Between Doc. Nos. 6 and 7.

c. All individual capacity claims against Correctional Lieutenant Golden-Deveaux, Michelle Farrell, and Blanche Carney are **DISMISSED WITHOUT PREJUDICE**;

3. The clerk of court is **DIRECTED** to **SEND** Geiger a blank copy of the court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number;

4. Geiger shall have **thirty (30) days** to file an amended complaint if he chooses to do so and if he can allege additional **facts** to reassert the claims dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Geiger's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-2244. **If Geiger files an amended complaint, his amended complaint must be a complete document that includes all the bases for Geiger's claims, including claims that the court has not yet dismissed if he seeks to proceed on those claims**. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Geiger should be mindful of the court's reasons for dismissing his claims as explained in the court's memorandum opinion. Upon the filing of an amended complaint, the clerk of court shall not make service until so ordered by the court;

5. Should Geiger choose not to file an amended complaint and stand on his complaint as originally submitted, the court will direct service of his complaint and **ONLY** his deliberate indifference (failure to protect) claim against Correctional Officer Curry and his procedural due process claim against Captain Harmer will proceed and be served on the appropriate defendants;

3

6. Geiger may also notify the court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Geiger is reminded to include the case number for this case, 21-2244;

7. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the court issues summonses in this case if summonses are issued; and

8. Geiger's "Declaration in Support of Preliminary Injunction and Temporary Restraining Order" (Doc. No. 8), to the extent that it can be interpreted as a motion for a preliminary injunction of a temporary restraining order is **DENIED WITHOUT PREJUDICE**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.